IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD L. STONE and KIRBY )
McINERNEY LLP )
)
      Plaintiffs, )
)
vs. )   Case No. 08 CV 5171
)
EDWARD T. JOYCE, EDWARD T. JOYCE & )   Judge Robert P. Patterson
ASSOCIATES, P.C., PAUL M. WEISS, )
FREED & WEISS, LLC, JOHN RANDALL )
PATCHETT and PATCHETT LAW OFFICE )
)
      Defendants )

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANTS
JOHN RANDALL PATCHETT & PATCHETT LAW OFFICE'S TO DISMISS FOR
LACK OF JURISDICTION AND VENUE OR, IN THE ALTERNATIVE, TO TRANSFER**

    Defendants John Randall Patchett and Patchett Law Office, an Illinois law firm (collectively "Patchett"), move pursuant to Rules 12(b)(1),(2) and (3) of the Federal Rules of Civil Procedure to dismiss plaintiffs Richard L. Stone's and Kirby McInerney LLP's (collectively "Kirby") Complaint for lack of jurisdiction and improper venue.

TABLE OF CONTENTS

TABLE OF AUTHORITIES

I. PRELIMINARY STATEMENT .................................................................. 4

II. STATEMENT OF RELEVANT FACTS ........................................................ 4

III. ARGUMENT

    A. The Court Should Abstain From Exercising Jurisdiction in This Matter .................................................................. 10

    B. This Court Lacks Personal Jurisdiction Over Patchett .................. 10

        1. Patchett Is Not Subject to Personal Jurisdiction Under New York's Long-Arm Statute Because He Did Not Transact Business Within This State ................................. 14

        2. Exercising Personal Jurisdiction over Patchett Would Violate Due Process .................................................. 17

    C. Venue is Improper in this District .............................................. 19

IV. CONCLUSION ........................................................................................ 20

TABLE OF AUTHORITIES

Agency Rent A Car System, Inc. v. Grand Rent A Car Corp., 98 F.3d 25, 29 (2nd Cir. 1996)

Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County 480 U.S. 102, 107 S.Ct. 1026 (1987)

Beacon Enterprises, Inc. v. Menzies, 715 F.2d 757, 762 (2nd Cir. 1983)

Burford v. Sun Oil Co., 319 U.S. 315, 317-34, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943)

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985)

Colorado River Water Conservation Dist. v. U. S., 424 U.S. 800, 821, 96 S.Ct. 1236, 1248 (1976)

DeCisneros v. Younger, 871 F.2d 305, 307 (2d Cir.1989).

Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 292, 125 S.Ct. 1517, 1527 (2005)

Friedman v. Handelman, 300 N.Y. 188, 194, 90 N.E.2d 31, 34 (N.Y. 1949)

Hanson v. Denkla, 357 U.S. 235, 253 (1958)

Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)

Maranga v. Vira, 386 F.Supp.2d 299, 305 -306 (S.D.N.Y.2005)

Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir.1996)

Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 437, 102 S.Ct. 2515, 2524 (1982)

Oswegatchie Light & Power Co. v. Niagra Mohawk Power Corp., 8 Misc.2d 382, 386, 167 N.Y.S.2d 587, 591 (N.Y.Sup. Ct.1957).

Pharr v. Evergreen Garden, Inc., 123 Fed. Appx. 420 (2d Cir. 2005)

Savin v. Ranier, 898 F.2d 304, 306 (2nd Cir. 1990)

Sunward Elecs., Inc. v. McDonald, 362 F.3d 17, 22 (2d Cir.2004).

Village of Westfield v. Welch's, 170 F.3d 116, 120 (2nd Cir.1999)

World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980)

I.  PRELIMINARY STATEMENT

Kirby, defendants and two other non-party law firms were class counsel in an Illinois class action that was settled in 2005 (hereinafter, the "*Aon* class action"). In connection with that settlement, the Illinois court approved a $19,000,000 lump-sum class counsel fee, but it has not yet issued an order allocating that fee award.[1] The Illinois trial court continues to have jurisdiction over *Aon* (the source of the $19 million), the res (the $19 million), the law firms comprising class counsel (including Patchett), and will ultimately be responsible for the allocation of the award. Because there exists an almost decade long prior pending action involving the precise subject matter of this litigation that has been and is proceeding in the Circuit Court of Cook County, Civil Action 99 CH 11839, this Court should abstain from exercising jurisdiction over this dispute pursuant to the <u>Colorado River</u> doctrine set forth by the United States Supreme Court and recognized by the Second Circuit. Moreover, unlike the Illinois court, this Court does not have jurisdiction over the *Aon* matter, the $19 million res at issue, or Patchett. Indeed, Patchett did not "transact business" in the state of New York, nor is there any other basis upon which Patchett can be subject to the personal jurisdiction of this Court, and accordingly this case should be dismissed pursuant to Rule 12(b)(2). Lastly, venue in this district is improper because none of the underlying events and transactions took place in New York and additionally, this Court does not have personal jurisdiction over any of the defendants. For these reasons, Kirby's claims against Patchett should be dismissed.

---

[1] For the past few years, the Illinois trial court's order approving the settlement and the class counsel fee has been on appeal to the Illinois Appellate Court. Recently, that appellate court affirmed both rulings, although the matter currently remains pending in the appellate court.

## II.   STATEMENT OF RELEVANT FACTS[2]

Kirby's' claim against Patchett purports to arise out of a December 28, 2000 letter agreement (the "Letter Agreement") which was entered into for the purpose of prosecuting a the *Aon* class action" in the Circuit Court of Cook County, Illinois. (A copy of the Letter Agreement is attached as Exhibit A to the Declaration of John Randall Patchett submitted herewith) There are four other law firms, in addition to the plaintiff and Patchett who are parties to the Letter Agreement. However, only two of those other firms -- Edward T. Joyce & Associates, P.C. ("Joyce") and Freed & Weiss, LLC ("Freed") -- are named as defendants in Kirby's Complaint.

The events leading up to this dispute began in August 1999, when plaintiff, Kirby McInerney LLP ("Kirby"), a New York law firm, together with the Chicago law firms Futterman & Howard, Chtd. ("Futterman") and The Jacobs Law Firm ("Jacobs"), filed the *Aon* class action in the Circuit Court of Cook County, Illinois. The action was filed on behalf of a New Jersey resident, Alan Daniel. The *Aon* complaint sought damages resulting from an alleged breach of fiduciary duty by the Aon Corporation, an insurance brokerage firm headquartered in Chicago. In mid-November 2000, a member of the Kirby firm called Joyce, a member of the Illinois bar with experience in class action litigation, to discuss the status of the pending *Aon* class action, and his and the Kirby firm's concerns about the successful prosecution of the case and specifically whether their client Mr. Daniel qualified as a member of the proposed class. By late December 2000, Kirby agreed that Joyce, and two additional Illinois firms Joyce was working with, Patchett and defendant Freed, would participate and serve two functions as additional counsel in the *Aon* class action. First, Patchett's client, Williamson County Agricultural Association ("Williamson"), would be joined in the pending *Aon* complaint as an additional class plaintiff. The joinder of

---

[2] The facts set forth herein are supported by the Declaration of John Randall Patchett, submitted

Wiliamson was intended to achieve the immediate goal of establishing at least one named plaintiff who could properly represent the proposed class. Second, assuming Williamson was certified as a class representative, Patchett, Joyce and Freed, together with the other laws firm who had been prosecuting the *Aon* class action, would jointly pursue the class claims against *Aon*. This agreement was memorialized in the December 28, 2000 Letter Agreement, executed by Kirby, and the five other Illinois law firms.[3]

Pursuant to the Letter Agreement, in January 2001, the *Aon* class action complaint was amended to include, *inter alia*, Williamson as a class plaintiff. The case was ultimately certified as a class action and, in 2005, was settled for $89 million. Class counsel then sought the trial court's approval of the settlement, including the proposed $19 million lump-sum fee award to class counsel in the amount of $19 million. Following the preliminary approval of the settlement, Joyce attempted to discuss with Kirby a proposed allocation of the anticipated fee award which could jointly be recommended to the *Aon* court. Kirby did not respond to Joyce's request for several months. Consequently, on March 24, 2006, while the matter of the fee award was still pending before the *Aon* court, Joyce filed a motion requesting the court to allocate the award among class counsel.[4]

Four days after Joyce filed the allocation motion, Kirby filed a breach of contract and declaratory judgment action against Joyce in this Court, contending that Joyce had breached the Letter Agreement by demanding excessive compensation.[5] Patchett was not named in that lawsuit,

---

herewith.
[3] Plaintiff Richard Stone, a Florida attorney who is of counsel to the Kirby firm, is not a signatory party to the Letter Agreement.
[4] Ultimately, the Illinois trial court approved the settlement and the $19 million lump-sum fee. The court has not yet allocated the fee among class counsel.
[5] Plaintiffs' prior action, *Richard L. Stone, et al., v. Edward T. Joyce*, No. 06 CV 2433 (S.D.N.Y.), was assigned to Judge Berman. When this case was filed, plaintiffs sought to have it assigned to

and did not participate directly or indirectly in that litigation.

In their original New York action, Kirby alleged that the Letter Agreement limited Joyce's fees in the *Aon* class action to 15% "off the top" of any fee award as compensation for successfully preparing the Williamson case, plus his lodestar, or regular hourly rate without any enhancement, for the substantial additional time spent prosecuting and settling the *Aon* class case. Joyce disputed Kirby's claim and filed a motion to dismiss. Before the motion was heard, Judge Berman prevailed upon the parties to arbitrate the dispute, and Kirby's initial lawsuit was dismissed. Significantly, Patchett was not named as party in the first Kirby lawsuit, or served with summons or a copy of the complaint in that action. Moreover, Patchett did not and would not have agreed to arbitrate any claims raised in the lawsuit, and was not invited to, and did not participate, directly or indirectly, any arbitration proceedings.

Following the dismissal of its initial action, Kirby initiated an arbitration proceeding in Atlanta, Georgia. After the arbitrator summarily entered his final award (without a hearing and allegedly based upon the "four corners" of the Letter Agreement), Kirby filed a second lawsuit against Joyce, this time in the District Court for the Northern District of Georgia, seeking to confirm the arbitration award. Patchett was not named in that lawsuit, was not served with summons or a copy of the Complaint in that action, and did not participate, directly or indirectly, in that litigation.

The Georgia district court ultimately confirmed the arbitrator's award, although the court noted that the award was not one the court would have made had it considered the matter. Joyce appealed the district court's decision to the Eleventh Circuit Court of Appeals. The appeal is pending. Patchett is not a party to the appeal and is not participating directly or indirectly in the

---

Judge Berman as a "related matter," but Judge Berman refused to accept it.

7

appeal.

After the Georgia district court confirmed the arbitration award, Kirby filed this action, their third district court action regarding this matter, this time naming Patchett as a defendant, as well as Joyce and one of the three other Illinois law firms which are parties to the Letter Agreement. Kirby's' Complaint alleges that Patchett, among others, breached the Letter Agreement by: (1) rejecting tender of payment under the agreement; (2) demanding compensation substantially in excess of that which they allegedly agreed to pursuant to the Agreement; and (3) refusing to abide by the Agreement. Kirby also contends that Patchett should be bound by the erroneous decision of the Georgia arbitrator because he allegedly "shared a common interest with defendant Joyce" and because "all defendants were co-parties in the prior *Aon* Action." Complaint ¶ 40. Kirby asks the Court to find that Patchett is "bound by the [Letter Agreement] setting forth their fee allocation," and that the doctrine of collateral estoppel "binds Patchett to the outcome of the arbitration proceeding." Ex. 1, at ¶¶ 37, 43.

Kirby's Complaint should be dismissed for a variety of reasons but primarily because the issue of the proper allocation of the *Aon* fee award is one over which the Illinois court has exclusive jurisdiction. Only that court can determine how the fee should be allocated among class counsel.[6] Under well established principles of comity as expressed by the Supreme Court in its Colorado River decision, this Court should abstain from any action which may overlap or interfere with the Illinois court's jurisdiction.[7] Even if the Court decides to exercise subject matter

---

[6] The Illinois court's allocation decision must be predicated on the principles generally applicable to class action fee awards as well as the Illinois Code of Professional Conduct which requires that any fee award be reasonable and rationally related to the work performed and results achieved. Although the Illinois court may consider an agreement among counsel regarding fees, the court is not bound by that agreement.

[7] The Illinois court's initial "global" fee award of $19 million was recently affirmed by the Illinois Appellate Court, and the allocation issue will soon be ripe for decision by the Illinois court.

jurisdiction, the Court has no personal jurisdiction over Patchett. Patchett does not transact business in the State of New York, this dispute did not arise out of any contract which required Patchett to provide goods or services in New York, and it would be unfair to make Patchett defend Kirby's claims in this forum. Lastly, venue is improper in this district, warranting dismissal or in the alternative, transfer, of this action.

## II.  ARGUMENT

### A. The Court Should Abstain From Exercising Jurisdiction in This Matter

It is well established that "[c]omity or abstention doctrines may, in various circumstances, permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 292, 125 S.Ct. 1517, 1527 (2005) Abstention is warranted under the facts of this case. Indeed, this dispute should be adjudicated by the Illinois state court, which presided over the underlying class action litigation, issued the fee award, and will ultimately determine the proper allocation of that award, including whether to give effect to any fee agreement among class counsel. Given the facts of this case and the pending action in the Illinois state court which has primary jurisdiction over the subject matter of this dispute, this Court should abstain from exercising jurisdiction.

As the Second Circuit explained in Village of Westfield v. Welch's, 170 F.3d 116, 120 (2d Cir.1999) "there are several traditional categories of abstention." Citing Younger v. Harris, 401 U.S. 37, 43-54, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) ("abstention appropriate where there is a pending state criminal proceeding"); also citing Burford v. Sun Oil Co., 319 U.S. 315, 317-34, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) ("abstention appropriate to avoid interference with attempts to establish coherent state policy and issues of peculiarly local concern"); also citing Railroad Comm'n v. Pullman Co., 312 U.S. 496, 498-501, 61 S.Ct. 643, 85 L.Ed. 971 (1941) ("abstention

appropriate to avoid unnecessary resolution of a constitutional issue that might be mooted by state court construction of a state law"). Moreover, as recognized in Village of Westfield, "[i]n Colorado River, the Supreme Court held that abstention may also be appropriate in cases that do not fit neatly within these traditional categories." Id., citing Colorado River Water Conservation Dist. v. U. S., 424 U.S. 800, 821, 96 S.Ct. 1236, 1248 (1976); DeCisneros v. Younger, 871 F.2d 305, 307 (2d Cir.1989). According to the Colorado River Court, there exist "circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration." 424 U.S. at 818. As the Village court explained:

> Abstention under Colorado River applies where, as in the instant case, state and federal courts exercise concurrent jurisdiction simultaneously. The Supreme Court held that although a pending action in a state court does not generally bar proceedings involving the same matter in a federal court, a federal court may dismiss a federal suit for "reasons of wise judicial administration" where there are "exceptional" circumstances. . . .

In Village of Westfield the Second Circuit discussed the six factors to consider "to determine whether abstention under *Colorado River* is appropriate." 170 F.3d at 120. These factors include: "(1) the assumption of jurisdiction by either court over any res or property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction." 170 F.3d at 120 -121 (2d Cir.1999)  Consideration of these factors clearly demonstrates that abstention is appropriate under the fact of this case, as set forth below.

As an initial matter, it is undisputed that jurisdiction over the underlying "res" in this case (the $19 million fee award) has been unequivocally asserted by the Illinois state court which presided over the underlying class action litigation and issued the award and is ultimately responsible for allocating the award. Second, this federal forum is undeniably inconvenient for all

10

parties and witnesses (except, presumably, Kirby). All of the defendants reside in Illinois, all of the events underlying this dispute - including but not limited to the prosecution of the *Aon* class action - took place in Illinois. Any and all witnesses and evidence regarding the prosecution of that class action – again, other than possibly witnesses and evidence particular to the Kirby - are located in Illinois. As such, this forum is inconvenient under the second prong of the applicable analysis.

Third - and perhaps most important - abstention is appropriate under the facts of this case in order to "<u>to avoid piecemeal litigation</u>" in satisfaction of the third consideration. The Illinois state court has complete and unfettered jurisdiction over the class action and this jurisdiction necessarily extends to include allocation of the fee award, which was issued by the state court, and will ultimately be allocated by the state court. Indeed, the state court has a fiduciary obligation to the class to ensure that the fee award, and its allocation, is fair and reasonable. Because the allocation of fees is ultimately the responsibility of the state court, this Court should exercise abstention and allow the state court to adjudicate the present dispute in order to avoid piecemeal litigation.[8]

With regard to the fourth consideration, it is undisputed that the Illinois state court first exercised jurisdiction over the underlying fee award. Regardless of the ancillary litigation which Kirby has initiated since the award was made, jurisdiction over the award - including its proper allocation - was first asserted by and remains subject to the Illinois state court which presided over

---

[8] In pursuing its claims in this forum, Kirby ignores the critical fact that it ultimately will be the responsibility of the Illinois state court to allocate the fee award pursuant to the class action settlement. Kirby does not contend otherwise. Indeed, Kirby does not ask this Court to allocate the fee award precisely because this is a function exclusively reserved for the Illinois state court. Regardless of the Letter Agreement between the parties, the underlying award which is the subject of this dispute, will be administered and allocated by the Illinois state court in its sole discretion and as such, any and all claims Kirby has regarding this award should be left to the determination

the class action and which issued the award. Moreover, as stated above, it is ultimately the responsibility of the Illinois state court to determine the proper allocation of the award. As to the fifth factor considered, Kirby's claims arise out of an agreement between the parties. There is no dispute in this case that state law will govern this claim.[9]

Lastly, the adjudication of Kirby's claims "will adequately protect" Kirby's rights and there is no basis for any conclusion otherwise. The Illinois state court presided over the underlying litigation, issued the fee award at issue, and will ultimately allocate this award. As the Supreme Court recognized in Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 437, 102 S.Ct. 2515, 2524 (1982):

> It would trivialize the principles of comity and federalism if federal courts failed to take into account that an adequate state forum for all relevant issues has clearly been demonstrated to be available prior to any proceedings on the merits in federal court.

There is simply no basis upon which Kirby can assert that its rights will not be adequately protected by the Illinois state court's adjudication of this dispute.

In sum, each of the relevant considerations set forth in Colorado River as recognized by the Second Circuit in Village of Westfield demonstrates that abstention is proper and warranted under the facts of this case. For the foregoing reasons, in consideration of the principles of comity and abstention, this Court should refrain from exercising jurisdiction over this claim, which should be resolved by the Illinois state court.

### B. This Court Lacks Personal Jurisdiction Over Patchett

Even if this Court elects to assert jurisdiction in this action despite the fact that jurisdiction exists in the pending Illinois state court action, and despite the considerations of comity identified

---

of the Illinois state court.

[9] Patchett submits that Illinois law governs any dispute arising out of the Letter Agreement.

above, this Court cannot assert personal jurisdiction over Patchett, and thus dismissal is warranted pursuant to Rule 12(b)(2). As the Second Circuit has recognized, in a diversity case such as this "federal courts must look to the forum state's long-arm statute to determine if personal jurisdiction may be obtained over a nonresident defendant." Savin v. Ranier, 898 F.2d 304, 306 (2d Cir. 1990) see also Beacon Enterprises, Inc. v. Menzies, 715 F.2d 757, 762 (2d Cir. 1983)(stating "[p]ersonal jurisdiction over a defendant in a diversity action in the United States District Court for the Southern District of New York is determined by reference to the relevant jurisdictional statutes of the State of New York.") If jurisdiction is appropriate under the relevant statute, the court must then decide whether exercise of jurisdiction comports with due process." Savin, 898 F.2d at 306. The Due Process Clause requires a non-domiciliary defendant, like Patchett, to have "minimum contacts" with the forum state. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). A lawsuit against an Illinois defendant cannot be maintained in New York absent sufficient "minimum contacts" because maintenance of the suit would "offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

   1. **Patchett Is Not Subject to Personal Jurisdiction Under New York's Long-Arm Statute Because He Did Not Transact Business Within This State.**

As the Second Circuit explained in Agency Rent A Car System, Inc. v. Grand Rent A Car Corp., 98 F.3d 25, 29 (2d Cir. 1996):

> Section 302(a)(1) of the New York long-arm statute [ codified at N.Y.Civ.Prac.L. & R. § 302(a)(1)] provides that a court may exercise personal jurisdiction over any foreign defendant who "transacts any business within the state." For a court to exercise jurisdiction under this provision, the claim must "arise from" the transaction of business within the state.

(citations omitted) The Second Circuit "has instructed that several factors should be considered in determining whether an out-of-state defendant transacts business in New York.." Maranga v. Vira,

386 F.Supp.2d 299, 305 -306 (S.D.N.Y.,2005); citing <u>Sunward Elecs., Inc. v. McDonald</u>, 362 F.3d 17, 22 (2d Cir.2004) These factors include:

> (1) whether the defendant has an ongoing contractual relationship with a New York corporation; (2) whether the contract was negotiated or executed in New York and whether, after executing a contract with a New York entity, the defendant visited New York for meetings devoted to the contractual relationship; (3) what choice of law clause (if any) is in the contract; and (4) whether the contract requires defendant to send notices and payments into New York, or subjects defendant to supervision by the plaintiff corporation in New York.

98 F. 3d 25, 29 (2d Cir. 1996). No single factor is dispositive, and all are relevant to this analysis. <u>Id</u>. Consideration of each of these factors demonstrates that Patchett did not "transact business" within the state of New York, so as to satisfy the jurisdictional requirements under New York's long arm statute, nor did he engage in any activity whatsoever which would subject him to the exercise of personal jurisdiction by this Court.

In support of their allegation that this Court may assert personal jurisdiction over Patchett, Kirby summarily asserts that Patchett "transacts business" this state. Complaint ¶ 2. As sole support of this claim, Kirby states that "[t]he contract at issue was negotiated, entered into and substantially performed in New York." <u>Id</u>. This vague assertion is not only unsupported and legally insufficient to establish personal jurisdiction, it is contrary to the facts of this case. As set forth in the Patchett Declaration, he did not "transact business" in New York under the analysis set forth by the Second Circuit, and cannot otherwise be subjected to the personal jurisdiction of this Court.

As an initial matter, Patchett has no on-going contractual relationship with a New York corporation, nor does Kirby allege any facts stating otherwise. Although Kirby maintains that the "contract was negotiated or executed in New York" this statement is wholly erroneous. First, with regard to Mr. Patchett, he did not engage in any negotiations with Kirby whatsoever in regard to the

14

Letter Agreement. Patchett Declaration ¶11. Patchett simply executed the agreement in his office in Marion, Illinois. *Id.* Indeed, his sole "contact" with New York was his faxing of the executed agreement to Kirby's office. *Id.* ¶12. After executing and faxing the agreement to Kirby, Patchett never visited New York "for the purpose of meeting with parties to the contract regarding the relationship." *Id.* ¶13. Moreover, there is no choice-of-law clause in the Letter Agreement, nor any other language or provision referencing New York or the laws of this state in the agreement. Lastly, the Letter Agreement did not require Patchett to send notices and payments into New York, and Patchett was not supervised by any individual or entity located in New York.

Under the applicable analysis set forth by the Second Circuit, Patchett did not "transact business" in the State of New York, nor does Kirby allege facts stating otherwise. Patchett's only contact with this state in connection with the *Aon* matter was his faxing of a copy of the Letter Agreement to Kirby's office in New York. This single action is insufficient to establish jurisdiction under C.P.L.R. §302(a)(1). *See* Traver v. Officine Maccaniche, 233 F. Supp. 2d 404, 410 (S.D.N.Y. 2002)("Where a plaintiff's cause of action is based upon a contract, negotiation of the contractual terms by phone, fax or mail with the New York party is generally insufficient to support a finding of the transaction of business in New York."); National Telephone Directory v. Bell-South Advertising, 25 F. Supp. 2d 192, 196-197 (S.D.N.Y. 1998)(" telephone, fax and mail between an out-of-state defendant and a New York plaintiff will not confer jurisdiction unless the defendants used the communications as a means of 'projecting' themselves into the local commerce .... [Here], the mailings were not designed to avail to BAPCO of the protections of New York law as <u>they involved business that would take place elsewhere.</u>") (emphasis added) For these reasons, this Court may not properly assert personal jurisdiction over Patchett.

    **2. Exercising Personal Jurisdiction over Patchett Would Violate Due Process.**

Even assuming *arguendo* it could be determined that Patchett "transacted business" in New York in satisfaction of the New York long-arm statute, federal law requires the exercise of personal jurisdiction to comport with due process. Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County 480 U.S. 102, 107 S.Ct. 1026 (1987)The "due process test for personal jurisdiction has two related components: the 'minimum contacts'"inquiry and the 'reasonableness' inquiry." Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir.1996) Jurisdiction cannot be exercised unless it is established both that Patchett has some minimum contacts with New York which were purposefully created by Patchett, and that it is reasonable to require Patchett to defend Kirby' claims in New York.

The requisite showing of minimum contacts cannot be met under the facts of this case. The present suit does not arise out of and is not related to Patchett's "contacts" with this state, so as to establish "specific jurisdiction" in satisfaction of the minimum contacts requirement. Indeed, as set forth in detail above, other than faxing Kirby the executed Letter Agreement, Patchett had no contact with New York in connection with the underlying agreement. Moreover, Patchett does not have "continuous and systematic general business contacts" with New York (Patchett Declaration ¶21), nor does Kirby allege otherwise and therefore the minimum contacts test cannot be satisfied on the basis of this Court's "general jurisdiction" over Patchett.

Finally, even if this Court finds that Patchett has had sufficient minimum contacts with New York, the Court must consider whether it is reasonable to force Patchett to defend Kirby's claims in this forum. When considering the reasonableness of exercising personal jurisdiction, the goal is not to offend "traditional notions of fair play and substantial justice." Asahi, 480 U.S. at 113. The 'fair play' test turns on factors such as (1) burden on defendants; (2) forum state's interest in

adjudicating the dispute; (3) convenience for plaintiffs; (4) judicial system's efficiencies; and (5) shared interest of the several states in furthering social policies. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985)

Here, the burden of requiring Patchett to defend in New York would be significant. Patchett practices law primarily in southern Illinois. It is not convenient for Patchett to travel to New York. Patchett is not admitted to practice law in New York and has had to retain New York counsel to defend this action. There already is an action pending in Illinois in which Patchett is involved and where the fee allocation issue underlying this dispute will ultimately be decided. There is no need to burden Patchett or this Court with this ancillary litigation in which this forum has little interest. Kirby is also involved in the Illinois litigation and is subject to the Illinois court's jurisdiction, and it would be no inconvenience to them to require all issues regarding the allocation of the *Aon* fee to be decided by the Illinois court which actually has jurisdiction in this matter. The Illinois court has the primary if not the sole interest in the fee award and it is that Court's duty, in the exercise of its discretion, to make a fee award which comports with any social policies regarding class action fee awards, including those policies specifically expressed in the Illinois Code of Professional Conduct. Under the circumstance of this case, it will offend "traditional notions of fair play and substantial justice," if this Court were to require Patchett to defend Kirby's claims in this forum. For this reason, Kirby's claims against Patchett should be dismissed.

### C. Venue is Improper in this District

Venue is improper in this district because all (or nearly all) of the events and transactions underlying this case took place in Illinois, and not in this district. Moreover, none of the defendants in this case is subject to personal jurisdiction. The statutory governing venue in diversity actions provides in pertinent part:

17

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought

28 U.S.C.A. § 1391(a). Under the facts of this case, none of these requirements has been met. All of the defendants reside in Illinois. It cannot be disputed that most, if not all, of the events giving rise to this dispute took place in Illinois, where the underlying class action was prosecuted. Indeed, Kirby has not and cannot establish that "a substantial part of the events or omissions giving rise to" its claim took place in New York. Other than Kirby's physical presence in New York, none of the transactions or interactions underlying this case "took place" in this state and Kirby cannot establish otherwise. Moreover, the "property" at issue (the $19 million fee award) is located in Illinois and/or is subject to the exclusive jurisdiction of the Illinois court. Lastly, this Court cannot exercise personal jurisdiction over Patchett for the reasons stated herein. Patchett further submits that personal jurisdiction cannot be asserted over any of the defendants, and therefore venue is improper and this action should be dismissed accordingly.

## IV. CONCLUSION

For the foregoing reasons, Patchett respectfully requests the Court to abstain from exercising subject matter jurisdiction in this matter or, in the alternative, to dismiss the Patchett defendants for lack of personal jurisdiction.

Respectfully submitted,

_____
One of the Attorneys for Patchett