IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD L. STONE and KIRBY McINERNEY LLP<br><br>Plaintiffs,<br><br>vs.<br><br>EDWARD T. JOYCE, EDWARD T. JOYCE & ASSOCIATES, P.C., PAUL M. WEISS, FREED & WEISS, LLC, JOHN RANDY PATCHETT and PATCHETT LAW OFFICE<br><br>Defendants | Case No. 08 CV 5171 |

## DECLARATION OF JOHN RANDALL PATCHETT

John Randall Patchett, under penalties of perjury, declares and states:

1. I am over the age of eighteen, and am otherwise competent to make this affidavit. I have personal knowledge of the facts set forth herein, and if sworn as a witness could competently testify thereto.

2. I am a citizen and resident of the State of Illinois. I have never been a citizen or resident of the State of New York.

3. I am an attorney, licensed to practice law in the State of Illinois since 1978. I have never been licensed to practice law in the State of New York, nor have I ever been admitted to practice law *pro hac vice* in New York.

4. I am, and have always been, the President and sole shareholder of Patchett Law Office.

5. Patchett Law Office is a small Illinois law firm with its sole office located in Marion, Illinois.

1

6. Patchett Law Office operates exclusively in Illinois. It does not have any offices, operations or employees within the State of New York or elsewhere.

7. In late December 2000, Edward T. Joyce of Edward T. Joyce & Associates, P.C. ("Joyce") contacted me regarding pending Illinois class action case, *Daniel v. Aon Corporation, et al.*, Case No. 99 CH 11893 (the "*Aon* Litigation"). The *Aon* litigation was filed in 1999 by the plaintiff Kirby McInerney LLP ("Kirby"), a New York law firm, together with the Chicago law firms Futterman & Howard, Chtd. ("Futterman") and The Jacobs Law Firm ("Jacobs"). The action was filed in the Circuit Court of Cook County, Illinois on behalf of a New Jersey resident, Alan Daniel. The *Aon* complaint sought damages resulting from an alleged breach of fiduciary duty by the Aon Corporation, an insurance brokerage firm headquartered in Chicago.

8. It is my understanding that Kirby contacted Joyce, a member of the Illinois bar with experience in class action litigation, to discuss the status of the pending *Aon* Litigation and their concerns about the successful prosecution of the case and, specifically, whether their client, Mr. Daniel, qualified as a member of the proposed class.

9. I had a client, Williamson County Agricultural Association ("Williamson"), which had claims against Aon similar to the claims made in the *Aon* Litigation. I spoke to my client about the *Aon* matter, and the client agreed to join the case as an additional class plaintiff.

10. By late December 2000, I had agreed that I and my firm would participate and serve two functions as additional counsel in the *Aon* class action. First, Williamson would be joined in the pending *Aon* complaint as an additional class plaintiff. The joinder of Williamson was intended to achieve the immediate goal of establishing at least one named plaintiff who could properly represent the proposed class. Then, assuming Williamson was certified as a class representative, I together with co-class counsel in the *Aon* Litigation, would jointly pursue the

class claims against *Aon*. This agreement was memorialized in the December 28, 2000 letter (the "Letter Agreement"), executed by all six firms who served as co-class counsel in the *Aon* litigation. A copy of the "Letter Agreement" is attached hereto, marked Exhibit A and made a part hereof by reference.

11. On approximately January 4, 2001, I signed the Letter Agreement on behalf of Patchett Law Office. I executed the Letter Agreement at my office in Marion, Illinois. After I signed the Letter Agreement, I faxed a copy to all parties named in the agreement, including Kirby in New York. I had no contact with the Kirby firm prior to my execution of the Letter Agreement. I had no significant contact with members of the Kirby firm after the Letter Agreement was signed. Kirby's allegation in paragraph 2 of the Complaint herein, suggesting that I negotiated and executed the Letter Agreement in New York, is false.

12. After I executed the Letter Agreement, I became actively involved in the *Aon* Litigation, working primarily with Joyce. Pursuant to the Letter Agreement, in January 2001, the *Aon* class action complaint was amended to include, *inter alia*, Williamson as a class plaintiff. All work I performed in connection with the prosecution of the *Aon* Litigation was performed in Illinois. My only contact with New York throughout the entire course of the *Aon* Litigation was when I faxed a copy the executed Letter Agreement to the Kirby firm in New York.

13. I never attended meetings in New York concerning the *Aon* Litigation, nor did I perform any work in New York related to the *Aon* Litigation. In fact, I never traveled to New York for any reason while the *Aon* Litigation was pending.

14. I did not, and was not required to, submit any notices or payments related to the Letter Agreement to anyone in New York, and was not supervised by anyone in New York

15. The *Aon* litigation was settled in 2005. In connection with that settlement, the Illinois court approved a $19,000,000 lump-sum class counsel fee, but the Illinois court has not yet issued an order allocating that fee award. The Illinois trial court's order approving the settlement and awarding the unallocated class counsel fee has been on appeal to the Illinois Appellate Court. The appellate court recently affirmed both rulings, although the matter currently remains pending in the appellate court.

16. Following the negotiation and preliminary approval of the settlement, it is my understanding that Joyce attempted to discuss with Kirby a proposed allocation of the anticipated fee award which could jointly be recommended to the *Aon* court. Kirby did not respond to Joyce's request for several months. Consequently, on March 24, 2006, while the matter of the fee award was still pending before the *Aon* court, Joyce filed a motion requesting the court to allocate the award among the *Aon* class counsel. I was not a party to that motion and I did not authorize Joyce to file the motion on my behalf. After receiving a copy of the Joyce motion, I filed a response on behalf of my firm.

17. I understand that in 2006, shortly after Joyce filed his motion requesting the Illinois court to allocate the fee award, Kirby filed a lawsuit in New York alleging that Joyce had breached the Letter Agreement. It is my understanding that Kirby alleged in that lawsuit that the Letter Agreement limited Joyce's fees in the *Aon* class action to a share of the 15% "off the top" to be paid to me and my co-counsel who were representing Williamson in the in the Aon Litigation for successfully preparing the Williamson case, plus Joyce's lodestar without any enhancement, for the substantial additional time Joyce spent prosecuting and settling the *Aon* case. I understand that Joyce disputed Kirby's claim and filed a motion to dismiss but before the

4

motion was heard, Judge Berman prevailed upon the parties to arbitrate the dispute. Thereafter, Kirby's initial lawsuit was dismissed.

18. Neither I nor my firm were parties to the lawsuit Kirby filed against Joyce in 2006. Neither I nor my firm was served with summons or a copy of the complaint in that litigation. Neither I nor any member of my firm participated, directly or indirectly, in the 2006 litigation, and no one was authorized to or did represent us in that proceeding. I was not aware of Joyce's agreement to arbitrate the claims made in the 2006 lawsuit at the time the agreement to arbitrate was made. I did not agree on behalf of myself or my law firm to arbitrate any dispute raised in that lawsuit. Neither I nor my firm was ever asked by anyone to agree to arbitrate any claims raised in the plaintiffs' 2006 New York lawsuit. Had I been asked to participate in the arbitration of such claims I would have declined to do so.

19. I understand that after Joyce agreed to arbitrate the claims made in the plaintiffs' 2006 New York lawsuit, an arbitration proceeding was commenced by the plaintiffs in Atlanta, Georgia. Neither I nor my firm were parties to the arbitration proceedings. Neither I nor any member of my firm participated, directly or indirectly, in the arbitration proceeding, and no one was authorized to or did represent us in the arbitration proceedings.

20. I understand that after the final decision was rendered in the arbitration proceedings, plaintiffs filed suit against Joyce in the federal district court in Atlanta. Neither I nor my firm was named as party in the Atlanta litigation. Neither I nor my firm was served with summons or a copy of any complaint in the Atlanta litigation. Neither I nor any member of my firm participated, directly or indirectly, in the Atlanta litigation, and no one was authorized to or did represent us in that litigation.

21. Neither I nor my firm transacts any business in the State of New York. There are no ongoing contractual relationships between me or my firm and anyone in New York. We have no regular, or continuous, or systematic business contacts in New York.

22. Neither I nor my firm ever agreed to be employed by and provide legal services for Kirby in the *Aon* Litigation. Plaintiffs' allegation to this effect in paragraph 17 of the Complaint is false. The only agreement I made on behalf of my firm in connection with the *Aon* Litigation was to represent my client Williamson and to work with the other class counsel in the successful prosecution of the class litigation. I never agreed to limit the fees my firm could earn for its work on behalf of the class to its "lodestar without enhancement." I fully expect that fees will be awarded by the Illinois court for such work in accordance with the legal principles and practices in class action litigation.

23. The Illinois trial court continues to have jurisdiction in the *Aon* Litigation, the res (the $19 million), the law firms comprising class counsel (including plaintiffs and all defendants in this action), and will ultimately be responsible for the allocation of the fee award

24. Under penalties as provided by law, I certify that the statements set forth above are true and correct, to the best of my knowledge, information and belief.

_____
John Randall Patchett

**Exhibit A**

Case 1:08-cv-05171-RPP   Document 16-2   Filed 07/21/2008   Page 1 of 6

# KIRBY McINERNEY & SQUIRE, LLP

TELEPHONE (212) 371-6600
(212) 317-2300
FACSIMILE (212) 751-2540

*830 Third Avenue*
*New York City 10022*

IRVING MALCHMAN, OF COUNSEL

<u>VIA FACSIMILE & U.S. MAIL</u>

December 28, 2000

Edward T. Joyce, Esq.
Edward T. Joyce & Associates
11 S. LaSalle Street, Suite 1600
Chicago, IL 60603

Randy Patchett, Esq.
The Patchett Law Firm
104 West Calvert
P.O. Box 1176
Marion, IL 62959



Paul M. Weiss, Esq.
Freed & Weiss, LLC
111 W. Washington Street
Suite 1331
Chicago, IL 60602

Ronald L. Futterman, Esq.
Futterman & Howard, Chtd.
122 South Michigan Avenue
Suite 1850
Chicago, Illinois 60603

John G. Jacobs, Esq.
The Jacobs Law Firm, Chtd.
122 S. Michigan Avenue
Suite 1850
Chicago, Illinois 60603

Re:  <u>Daniel v. Aon, et al., No. 99-CH 11893; Aon Class Action Litigation</u>

Dear Counsel:

This will confirm the agreement among Kirby McInerney & Squire, LLP ("KMS"), Edward T. Joyce & Associates, P.C. ("Joyce"), Freed & Weiss, LLC ("F&W"), The Patchett Law Office ("Patchett"), Futterman & Howard, Chtd. ("Futterman") and The Jacobs Law Firm, Chtd. ("Jacobs") concerning the prosecution of a class action involving the practice by which Aon Corporation and/or its subsidiaries (collectively "Aon") accept fees, profit sharing or other benefits from insurers in connection with the placement of commercial insurance for Aon's customers.

1.  Joyce, F&W and Patchett have referred their client, Williamson County Agricultural Association ("Williamson"), to KMS, for inclusion as a plaintiff in the pending class action styled *Daniel v. Aon Corporation, et al.*, referenced above, or for the commencement of a similar class action on Williamson's behalf.

KIRBY McINERNEY & SQUIRE, LLP

Edward T. Joyce, Esq.
Randy Patchett, Esq.
Paul M. Weiss, Esq.
December 28, 2000
Page 2

     2.    Joyce, F&W and Patchett ("Williamson's Counsel") represent that Williamson is a member of the class described in the *Daniel* action.

     3.    In consideration for the services performed by Williamson's Counsel in connection with preparing the Williamson case, and in the event the court awards fees to plaintiffs' counsel in this action, Williamson's Counsel collectively will receive 15% off the top of the fees awarded to plaintiffs' counsel in this action, subject to the conditions specified below. In addition, Williamson's Counsel collectively will receive significant work in the referenced class action or a similar class action to be commenced on behalf of Williamson.

     4.    KMS will act as lead counsel and will be responsible for managing the prosecution of this action, making work assignments in this action, for determining strategic decisions in the litigation of this action, conducting discovery, preparing for trial, and for initiating and directing settlement discussions with counsel for defendants.

     5.    Joyce, F&W, Patchett, Futterman and Jacobs will act as members of, and constitute, an Executive Committee. The Executive Committee shall be responsible for assisting KMS in the prosecution of this action.

     6.    This agreement is contingent upon our actually commencing a class action claim on behalf of Williamson in state or federal court in Illinois, and Williamson being finally and successfully certified as a class representative. In the event Williamson ultimately is not certified as a class representative, but the action nevertheless achieves a successful outcome, Joyce, F&W and Patchett may apply at the conclusion of the action for reimbursement of attorneys' fees and expenses actually incurred. Counsel for plaintiff Daniel will support such application.

     7.    Williamson's Counsel agree not to commence or participate financially in any lawsuit involving the same or similar claims against any defendant without the prior written consent of the other signatories of this agreement.

     8.    Williamson's counsel represent that Williamson has agreed to the terms hereof.

KIRBY MCINERNEY & SQUIRE, LLP

Edward T. Joyce, Esq.
Randy Patchett, Esq.
Paul M. Weiss, Esq.
December 28, 2000
Page 3

       If the foregoing accurately reflects our arrangement, please execute this agreement on behalf of your firm by signing where indicated below and return the executed copy to us. If there is any question, please call us. We look forward to working with you in this matter.

       Sincerely,

       */s/ Peter S. Linden*

       Peter S. Linden
       Kirby McInerney & Squire, LLP

cc: Richard L. Stone, Esq.

ACCEPTED AND AGREED TO:

EDWARD T. JOYCE & ASSOCIATES, P.C.

By: _____
       Edward T. Joyce

FREED & WEISS, LLC

By: _____
       Paul M. Weiss

THE PATCHETT LAW OFFICE

By: _____
       Randy Patchett

FUTTERMAN & HOWARD, CHTD.

By: */s/ Ronald L. Futterman*
       Ronald L. Futterman

THE JACOBS LAW FIRM, CHTD.

By: */s/ John G. Jacobs*
       John G. Jacobs

KIRBY McINERNEY & SQUIRE, LLP

Edward T. Joyce, Esq.
Randy Patchett, Esq.
Paul M. Weiss, Esq.
December 28, 2000
Page 3

If the foregoing accurately reflects our arrangement, please execute this agreement on behalf of your firm by signing where indicated below and return the executed copy to us. If there is any question, please call us. We look forward to working with you in this matter.

Sincerely,

*[signature]*

Peter S. Linden
Kirby McInerney & Squire, LLP

cc: Richard L. Stone, Esq.

ACCEPTED AND AGREED TO:

EDWARD T. JOYCE & ASSOCIATES, P.C.

By: *[signature]*
_____
Edward T. Joyce

FREED & WEISS, LLC

By: _____
Paul M. Weiss

THE PATCHETT LAW OFFICE

By: _____
Randy Patchett

FUTTERMAN & HOWARD, CHTD.

By: _____
Ronald L. Futterman

THE JACOBS LAW FIRM, CHTD.

By: _____
John G. Jacobs

JAN. 2. 2001 10:05AM   FREED & WEISS LLC  MCINERNEY & SQUIRE            NO. 4295   P. 4/4

KIRBY McINERNEY & SQUIRE, LLP

Edward T. Joyce, Esq.
Randy Patchett, Esq.
Paul M. Weiss, Esq.
December 23, 2000
Page 3

If the foregoing accurately reflects our arrangement, please execute this agreement on behalf of your firm by signing where indicated below and return the executed copy to us. If there is any question, please call us. We look forward to working with you in this matter.

Sincerely,

*[signature]*

Peter S. Linden
Kirby McInerney & Squire, LLP

cc:   Richard E. Stone, Esq.

ACCEPTED AND AGREED TO:

EDWARD T. JOYCE & ASSOCIATES, P.C.

By: _____
              Edward T. Joyce

FREED & WEISS, LLC

By: *[signature]* _____
              Paul M. Weiss

THE PATCHETT LAW OFFICE

By: *[signature]* _____
              Randy Patchett

FUTTERMAN & HOWARD, CHTD.

By: _____
              Ronald L. Futterman

THE JACOBS LAW FIRM, CHTD.

By: _____
              John G. Jacobs