UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

RICHARD L. STONE and KIRBY
McINERNEY LLP,

        Plaintiffs

   - against -

EDWARD T. JOYCE; EDWARD T. JOYCE &
ASSOCIATES, P.C.; PAUL M. WEISS; FREED &
WEISS, LLC; JOHN RANDY PATCHETT and
PATCHETT LAW OFFICE

        Defendants
-----------------------------------------------------------X

Docket No: 08-CV-5171

MOTION TO DISMISS

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B)(1)(2)(3)&(6)

Defendants Edward T. Joyce and Edward T. Joyce & Associates, P.C. ("Joyce"), by and through their attorneys, hereby move this Court to dismiss Plaintiffs' Richard L. Stone and Kirby McInerney, LLP (collectively, "Kirby") claims against Joyce, pursuant to Federal Rules of Civil Procedure 12(1)(2)(3) and (6). In support of this Motion, Joyce states as follows:

### INTRODUCTION

Kirby has filed the present suit before this Court naming essentially three defendants: (1) Joyce; (2) Paul M. Weiss; Freed & Weiss, LLC ("Weiss"); and (3) John Randy Patchett and Patchett Law Office ("Patchett"). Kirby's Complaint purports to state a cause of action for breach of contract (Count I) and for declaratory judgment (Count II). Although Joyce is named as a defendant in the Complaint, Kirby expressly and repeatedly states that defendant Joyce is included solely as a "nominal" defendant in this action. To this end, the Complaint provides:

1

>Joyce is named herein as a nominal defendant. Plaintiffs do not seek any relief against Joyce by filing this complaint.

(Complaint, ¶¶ 7, 9)

As a threshold matter, Kirby does not provide any explanation as to why Joyce has been named in this lawsuit, where, admittedly, Kirby states no claim and requests no relief from Joyce, nor does Kirby assert any support for its conclusory assertion that Joyce is a "nominal defendant"[1] in this case in which Joyce has no interest. The purpose of the present action is to establish that defendants Weiss and Patchett breached an agreement with Kirby, and to bind Patchett and Weiss to an arbitration award which was entered against Joyce, following an arbitration between Kirby and Joyce conducted in Atlanta, Georgia, to which neither Weiss nor Patchett was a party.[2] Irrespective of the merits of the claims Kirby asserts against Weiss and Patchett in the present action, it is undisputed that Kirby states no claim and seeks no relief from Joyce whatsoever. There is no reason, nor does Kirby provide any reason, why Joyce is included in this action as a "nominal" defendant or otherwise. Based on the facts alleged, it is indisputable that Joyce's presence in this action is wholly unnecessary and serves no identifiable purpose, and Joyce should be dismissed, outright, on this basis alone.

However, if Kirby contends and/or if it is determined that there is some reason why Joyce's presence in this case is necessary or even warranted, Kirby is then required to establish both subject matter jurisdiction *and* personal jurisdiction over Joyce, which it has not and cannot do under the facts alleged. Because there is no claim alleged against Joyce, let alone in the

---

[1] As set forth below, to the extent that Kirby's designation of Joyce as a "nominal defendant" is an attempt to avoid the requirement of establishing subject matter jurisdiction over Joyce and/or the requirement that a valid claim be asserted against Joyce, under the undisputed facts of this case, Joyce is not a "nominal defendant" as recognized by federal courts.

[2] The arbitration award entered against Joyce is presently on appeal before the United States Court of Appeals for the Eleventh Circuit.

2

amount of the jurisdictional requirement, this Court does not have subject matter jurisdiction over Joyce, and dismissal is therefore required under FRCP 12(b)(1). Moreover, Kirby has not and cannot establish that his Court has personal jurisdiction over Joyce, and its allegations regarding the previous claim filed by Kirby against Joyce before Judge Berman are not only inaccurate, they are insufficient to establish personal jurisdiction. Thus, dismissal of Joyce from this action is required under FRCP 12(b)(2). Still, even assuming *agruendo* that this Court may assert subject matter *and* personal jurisdiction over Joyce, dismissal is additionally warranted under Rule 12(b)(6) because it is undisputed that Kirby has not stated any claim against Joyce. Moreover, venue is improper in this forum because none of the defendants is subject to personal jurisdiction in this state and/or because none of the events giving rise to this dispute took place in the state of New York, and therefore dismissal is required under FRCP 12(b)(3).

Lastly, to the extent that Kirby has (without explanation or support) designated Joyce as a "nominal defendant," this designation is not only incorrect, it in no way alleviates the fact that Joyce is not a party to the present dispute, nor does this designation overcome the fact, that: (1) this Court cannot assert subject matter *or* personal jurisdiction over Joyce; and (2) Kirby has not stated any claim as to Joyce. For each of these reasons, dismissal of Joyce from this action is required.

### STANDARD OF REVIEW

A plaintiff who "is seeking to invoke the subject matter jurisdiction of the district court, bears the burden of showing that he was properly before that court." *Scelsa v. City University of New York*, 76 F.3d 37, 40 (2nd Cir.1996) As the Second Circuit has held, "when the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable

3

to the party asserting it. *Shipping Financial Services Corp. v. Drakos*, 140 F.3d 129, 131 (2nd Cir.1998). As in the case of a motion to dismiss for lack of personal jurisdiction, the burden of demonstrating proper venue falls on the plaintiff. *General Elec. Capital Corp. v. Titan Aviation, LLC* 2007 WL 107752, *6 (S.D.N.Y. 2007) "When ruling on a motion pursuant to Rule 12(b)(6) to dismiss for failure to state a claim upon which relief may be granted, the court must accept the material facts alleged in the complaint as true" and it must not dismiss the action "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cohen v. Koenig*, 25 F.3d 1168, 1171 -1172 (2nd Cir.1994)

### KIRBY HAS NOT ESTABLISHED SUBJECT MATTER JURISDICTION OVER JOYCE

The requirements for subject matter jurisdiction are set forth in 28 USCA §1332, which provides in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between .. citizens of different States.

Kirby does not contend that there is any controversy between Kirby and Joyce in this action, much less a controversy which exceeds the jurisdictional amount as set forth above. As such, Joyce should be dismissed from this action, pursuant to FRCP 12(b)(1) for lack of subject matter jurisdiction.

### THIS COURT CANNOT ASSERT PERSONAL JURISDICTION OVER JOYCE.

The Second Circuit has articulated the applicable analysis for determining whether personal jurisdiction exists as follows:

> [D]istrict courts resolving issues of personal jurisdiction must ... engage in a two-part analysis. First, a district court must determine whether, under the laws of the forum state (New York in this case), there is jurisdiction over the defendant. Second, [it] must determine whether an exercise of jurisdiction under these laws is consistent with federal

4

due process requirements . . . In opposing a motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant.

*Grand River Enterprises Six Nations, Ltd. v. Pryor* 425 F.3d 158, 165 (2d Cir. 2005)(internal citations omitted)  In order to establish personal jurisdiction under New York's long arm statute "two requirements must be met: (1) the defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC,* 450 F.3d 100, 103 (2d Cir.2006); citing *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560, 567 (2d Cir.1996)  In determining whether an out-of-state defendant transacts business in New York, courts should consider several factors including: "(i) whether the defendant has an on-going contractual relationship with a New York corporation; (ii) whether the contract was negotiated or executed in New York and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship; (iii) what the choice-of-law clause is in any such contract; and (iv) whether the contract requires franchisees to send notices and payments into the forum state or subjects them to supervision by the corporation in the forum state." *Sunward Electronics, Inc. v. McDonald,* 362 F.3d 17, 22 (2d Cir. 2004)

Kirby asserts that personal jurisdiction over the defendants in this case exists because: (1) the defendants "transact business" in this state; (2) the underlying contract was "negotiated" in this state; and/or (3) Joyce "consented" to personal jurisdiction in New York in a prior "related" action. Not only are these assertions factually and legally insufficient to establish personal jurisdiction over Joyce, they are contrary to the facts underlying this case, as set forth in he Declaration of Edward T. Joyce, attached hereto as Exhibit A. Indeed, consideration of the relevant factors identified above in light of the facts underlying this case demonstrates that Joyce

5

does not "transact business" in the state of New York for purpose of establishing personal jurisdiction.

As explained in Joyce's Declaration attached hereto as Exhibit A, Joyce does not have any on-going contractual relationship with Kirby, since the *Aon* class action settled in 2005, nor does Kirby contend otherwise.[3] Moreover, the contract at issue here was not negotiated or executed in New York. All negotiations by Joyce took place in his office in Chicago, Illinois. Joyce executed the Letter Agreement in Chicago, Illinois. The *Aon* litigation as to which the contract pertained was prosecuted in Illinois and, with only two exceptions, all work performed by Joyce in that litigation took place outside of New York (primarily in Illinois). The Letter Agreement did not contain any choice of law provision, nor does the Letter Agreement require Joyce to send notices or payments of any kind to New York. Moreover, Joyce was not supervised by any corporation in this state. For these reasons, Joyce cannot be deemed to "transact business" in this state and as such, Kirby has not and cannot establish that personal jurisdiction exists under the facts of this case.

Additionally, to the extent that Kirby asserts the existence of personal jurisdiction by virtue of Joyce's alleged "consent" to jurisdiction in a "related" matter, this assertion is legally invalid and constitutes a blatant misrepresentation of the facts in that matter. Joyce in no way "consented" to personal jurisdiction in the prior "related" suit filed by Kirby. On the contrary, Joyce specifically contested personal jurisdiction. Indeed, in that prior action (the "New York action"), in response to a Motion for Default filed by Kirby (despite an agreement between the parties to suspend all activity in the New York action pending mediation of their dispute which

---

[3] Joyce's only recent relationship with New York was working as counsel *pro hac vice* for two Illinois resident defendants to contest personal jurisdiction in a lawsuit brought in the Southern District of New York, and those claims have settled.

6

was conducted in Illinois), Joyce filed a Memorandum in Opposition to the Entry of Default, wherein the existence of personal jurisdiction was specifically disputed on the basis that Joyce has insufficient contacts with the forum state.[4] Joyce never "consented" to personal jurisdiction in the New York action, or any other case, and Kirby's representation otherwise is false. Moreover, even assuming *arguendo* that Joyce could be deemed to have somehow "consented" to the Court's exercise of personal jurisdiction in the New York action, Kirby provides no legal authority for the proposition that this alleged "consent" to the Court's jurisdiction in that matter confers personal jurisdiction over Joyce in the present case. Joyce submits that any alleged "consent" to personal jurisdiction in the New York action does not render him subject to this Court's exercise of personal jurisdiction in the present case. Because this Court cannot assert personal jurisdiction over Joyce, dismissal is warranted pursuant to FRCP 12(b)(2).

### KIRBY ADMITTEDLY HAS NOT ASSERTED ANY CLAIM AGAINST JOYCE

Kirby has admittedly not alleged any claim and seeks no relief against Joyce. Absent the assertion of a valid legal claim, dismissal is likewise required pursuant to FRCP 12(b)(6).

### VENUE IS IMPROPER IN THIS STATE

Venue in this forum is improper. The applicable venue statute provides in pertinent part:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

---

[4] As explained in Joyce's Declaration attached hereto, during the entire history of the *Aon* case, Joyce made only two *Aon*-related trips to New York: (1) one trip for a trial strategy meeting at Kirby's office; and (2) one trip for a meeting at a Texas resident's New York office to prepare him for a deposition later conducted in Dallas, Texas.

28 U.S.C. 1391(a); *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 105 -106 (2d Cir. 2006) In this case all of the defendants reside in Illinois. Other than the fact that Kirby is located in New York, none of the events giving rise to Kirby's claims took place in New York but rather all of the underlying transactions took place in Illinois, including the prosecution of the class action which is the subject of this dispute. Additionally, the "property" at issue (the $19 million fee award) is located in Illinois and is subject to the jurisdiction of the Illinois court. Indeed, Kirby has not and cannot establish that "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in New York so as to demonstrate that venue is proper in this state. Moreover, Joyce submits that in addition to this Court's lack of personal jurisdiction over Joyce, this Court cannot assert personal jurisdiction over any of the defendants in this case, and as therefore, the requirements for establishing venue have not and cannot be met. For these reasons, this action should be dismissed pursuant to FRCP 12(b)(3)

### KIRBY'S DESIGNATION OF JOYCE AS A "NOMINAL DEFENDANT" IS INACCURATE AND IN ANY EVENT CANNOT OVERCOME DISMISSAL PURSUANT TO FRCP12(B)(1)(2)&(6)

As a final matter, Kirby's unsupported identification of Joyce as a "nominal defendant" does not overcome and/or alleviate the fact that there is no subject matter jurisdiction, no personal jurisdiction, and/or that Kirby has not stated any claim against Joyce in this action, nor does this language overcome the fact that venue is improper. Federal courts have recognized that a "nominal defendant" is a person or entity who "holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute." *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir.1998)(recognizing that "the paradigmatic nominal defendant is a trustee, agent, or depositary ... [who is] joined purely as a means of facilitating collection.") Indeed, a "'nominal defendant' is a person who can be joined to aid the recovery of relief without an

assertion of subject matter jurisdiction only because he has no ownership interest in the property which is the subject of litigation." *S.E.C. v. Cherif,* 933 F.2d 403, 414 (7th Cir. 1991) A nominal defendant holds the subject matter of the litigation "in a subordinate or possessory capacity as to which there is no dispute." *U.S. S.E.C. v. Harden* 2005 WL 2649857, 2 (W.D.Mich.2005); citing *Colman v. Shimer,* 163 F.Supp. 347, 351 (W.D.Mich.1958) (quoting 2 J. Palmer, *Cyclopedia of Federal Procedure,* § 3.63 (3rd ed.)). Because the nominal defendant is a "trustee, agent, or depositary," who has possession of the funds which are the subject of litigation, he must often be joined *purely as a means of facilitating collection. Id.* As the court in *Harden* explains:

> The court needs to order the nominal defendant to turn over funds to the prevailing party when the dispute between the parties is resolved. A nominal defendant is not a real party in interest, however, because he has no interest in the subject matter litigated. His relation to the suit is merely incidental and 'it is of no moment [to him] whether the one or the other side in [the] controversy succeed [s].'

Id. citing *Bacon v. Rives,* 106 U.S. 99, 104, 1 S.Ct. 3, 6, 27 L.Ed. 69 (1882).

Joyce is not a "nominal" defendant, as recognized in federal actions, and therefore Kirby cannot - based on this erroneous designation - include Joyce in this action without establishing subject matter jurisdiction and/or without asserting a valid legal claim against Joyce. Joyce does not hold "the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute." *S.E.C. v. Colello,* 139 F.3d at 676. Indeed, Joyce is not a "trustee, agent, or depositary," who has "possession of the funds which are the subject of litigation," *U.S. S.E.C. v. Harden* 2005 WL 2649857, 2 (W.D.Mich.2005), nor does Kirby contend otherwise. Kirby is required to establish subject matter and personal jurisdiction over Joyce and its failure to do so warrants dismissal of Joyce from this action pursuant to FRCP 12(b)(1),(2) and (6).

## CONCLUSION

As stated throughout, Joyce, against whom no claim is asserted, is not a proper "defendant" in this action. Joyce's dispute with Kirby was arbitrated in Georgia and the outcome of that arbitration is presently being litigated in the United States Court of Appeals for the Eleventh Circuit. Joyce has no interest in the claims asserted here, nor does Kirby allege otherwise, and Joyce should be dismissed outright on this basis alone. Regardless, Kirby has wholly failed to: (1) establish subject matter and personal jurisdiction against Joyce; and/or (2) state a valid legal claim against Joyce. Moreover, venue is entirely improper in this State. For these reasons, Joyce should be dismissed from this action.

Respectfully submitted,

EDWARD T. JOYCE, EDWARD T. JOYCE & ASSOCIATES, P.C.

By: _____
One of their attorneys

Michael H. Moirano
Claire E. Gorman
Nisen & Elliot, LLC
200 West Adams St., Suite 2500
Chicago, IL 60606
(312)346-7800

Roger Ryan Crane, Jr.
Nixon Peabody LLP
437 Madison Avenue
New York, NY 10022
(212)940-9310