**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

RICHARD L. STONE and KIRBY
McINERNEY LLP,

        Plaintiffs

    - against -

EDWARD T. JOYCE; EDWARD T. JOYCE &
ASSOCIATES, P.C.; PAUL M. WEISS; FREED &
WEISS, LLC; JOHN RANDY PATCHETT and
PATCHETT LAW OFFICE

        Defendants
-------------------------------------------------------------X

Docket No: 08-CV-5171

**DECLARATION OF**
**EDWARD T. JOYCE**

Edward T. Joyce, under penalties of perjury, declares and states:

1.     I am over the age of eighteen, and am otherwise competent to make this declaration. I have personal knowledge of the facts set forth herein, and if sworn as a witness could competently testify to the same.

2.     I am a citizen and resident of the State of Illinois. I have never been a citizen or resident of the State of New York.

3.     I am an attorney, licensed to practice law in the State of Illinois since 1967. I have never been licensed to practice law in the State of New York.

4.     I am, and have always been, the President and sole shareholder of Edward T. Joyce & Associates, P.C.

5.     Edward T. Joyce & Associates, P.C. (the "Joyce Firm") is an Illinois professional corporation with its office in Chicago, Illinois. The Joyce Firm is an Illinois law firm with primarily a litigation practice. The Joyce Firm does not have any offices or employees in the State of New York.

6.     In November 2000, I was contacted regarding Kirby McInerney LLP's ("Kirby") pending Illinois class action case, *Daniel v. Aon Corporation, et al.,* Civil Action Case No. 99 CH 11893 (the "*Aon* class action"). Specifically, a member of Kirby contacted me to discuss the status of the *Aon* class action and their concerns about the successful prosecution of the case and whether the named plaintiff, Alan Daniel, qualified as a member of the proposed class.

7.     I contacted other Illinois law firms, including Patchett Law Office, regarding amending the *Aon* class action to include an additional Illinois class plaintiff. Randy Patchett ("Patchett"), another Illinois attorney and Defendant in the above-referenced lawsuit, had a client, Williamson County Agricultural Association ("Williamson"), which had claims against Aon similar to the claims made in the *Aon* class action. Patchett's client agreed to join the case as an additional class plaintiff.

8.     By late December 2000, I agreed that I and my firm would participate in the *Aon* class action as additional class counsel. In negotiating the terms of the agreement, I made phone calls and sent faxes to Kirby from my office in Chicago, Illinois. The purpose of my involvement as co-counsel for the plaintiffs in the *Aon* class action would be two-fold. First, Williamson would be joined in the pending *Aon* class action as an additional class plaintiff to achieve the immediate goal of establishing at least one named plaintiff who could properly represent the putative class. Second, if Williamson became a class representative, I would pursue the class claims against Aon with my co-counsel. The December 28, 2000 letter agreement (the "Letter Agreement") reflected this agreement. It was executed by all six firms who served as co-class counsel in the *Aon* class action, five of which were Illinois law firms. The Letter Agreement is attached hereto as Ex. A.

9.    On January 4, 2001, I signed the Letter Agreement. I executed the Letter Agreement in Chicago, Illinois. Once I signed the Letter Agreement, I faxed a copy of it to Kirby in New York, and all other parties named in the agreement.

10.    After I executed the Letter Agreement, I became actively involved in the *Aon* class action. I worked almost exclusively in Cook County or elsewhere in the State of Illinois on the *Aon* class action. During the litigation, I used Kirby's office once to discuss trial preparation. On another occasion, I traveled to New York to prepare a Texas resident (at his New York office) for his deposition which thereafter took place in Dallas, Texas. I did not go to New York for any other reason regarding my role under the Letter Agreement while the *Aon* class action was being prosecuted.

11.    I did not, and was not required to, submit any notices or payments related to the Letter Agreement to anyone in New York, and was not supervised by anyone in New York.

12.    In 2005, the *Aon* class action settled and the Illinois circuit court approved a $19 million lump-sum class counsel fee. However, the Illinois court has not yet allocated that fee award. The Illinois trial court's order approving the settlement and awarding the unallocated class counsel fee is on appeal to the Illinois Appellate Court. Although the appellate court recently affirmed both rulings, the matter currently remains in the appellate court because of a motion to reconsider. That court has not yet ruled on that motion.

13.    Following the negotiation and preliminary approval of the settlement in 2005, I attempted to reach an agreement with Kirby regarding a proposed allocation of the anticipated class counsel fee award which could be jointly recommended to the Illinois circuit court. Kirby did not respond for ten months, so on March 24, 2006, I filed a motion requesting the court to allocate the award among the *Aon* class counsel.

14.     Four days later, the above-referenced Plaintiffs filed a lawsuit in New York against me and my firm for breach of contract and a declaratory judgment on the Letter Agreement.  Plaintiffs alleged in that complaint that the Letter Agreement limited my *Aon* fees to a share of the 15% "off the top" for representing Williamson in the *Aon* class action for successfully preparing the Williamson case, plus my lodestar without any enhancement, for the substantial additional time I spent prosecuting and settling the *Aon* class action.

15.     Because the allocation of fees had not been resolved, at the *Aon* court's suggestion, the parties proceeded to mediation in Illinois and agreed to hold all litigation (including Plaintiffs' 2006 New York lawsuit against my firm) in abeyance pending the outcome of the mediation.  Over the next several months, the parties participated in confidential mediation proceedings in Chicago.  In November 2006, while the mediation was still ongoing and despite the agreement to hold all further litigation in abeyance, Plaintiff Stone, sought a default against my firm in New York.  My counsel then filed a Memorandum in Opposition to the Entry of Default, wherein the existence of personal jurisdiction was specifically disputed on the basis that my firm and I had insufficient contacts with New York.

16.     When we appeared for the hearing regarding the default motion, Judge Berman urged the parties to resolve the issue concerning the interpretation of the Letter Agreement by binding arbitration, which the parties agreed to do.  Thereafter, Kirby's 2006 lawsuit was dismissed, and Judge Berman never addressed my challenge to personal jurisdiction.

17.     Neither I nor my firm regularly transacts business in the State of New York.  The only recent relationship concerning New York was one where my firm was retained to work *pro hac vice* in New York to contest personal jurisdiction over two Illinois defendants, but the claims

against those defendants promptly settled.  We have no regular, or continuous, or systematic contacts in New York.

18.     Neither I nor my firm agreed to be retained by Kirby to provide legal services in the *Aon* class action.  The only agreement I made regarding my involvement in the *Aon* class action was to represent Williamson and to work with the other class counsel in the successful prosecution of the class action, as reflected in the Letter Agreement.  Plaintiffs' allegation to the contrary is false.

19.     Under penalties as provided by law, I certify that the statements set forth above are true and correct, to the best of my knowledge, information and belief.

_____
Edward T. Joyce

# EXHIBIT A

# KIRBY McINERNEY & SQUIRE, LLP

TELEPHONE (212) 371-6600
(212) 317-2300
FACSIMILE (212) 751-2540

*830 Third Avenue*
*New York City 10022*

IRVING MALCHMAN, OF COUNSEL

## VIA FACSIMILE & U.S. MAIL

December 28, 2000

Edward T. Joyce, Esq.
Edward T. Joyce & Associates
11 S. LaSalle Street, Suite 1600
Chicago, IL 60603

Randy Patchett, Esq.
The Patchett Law Firm
104 West Calvert
P.O. Box 1176
Marion, IL 62959



RECEIVED
JAN 0 4 2001
THE JACOBS LAW FIRM, CHTD.

Paul M. Weiss, Esq.
Freed & Weiss, LLC
111 W. Washington Street
Suite 1331
Chicago, IL 60602

Ronald L. Futterman, Esq.
Futterman & Howard, Chtd.
122 South Michigan Avenue
Suite 1850
Chicago, Illinois 60603

John G. Jacobs, Esq.
The Jacobs Law Firm, Chtd.
122 S. Michigan Avenue
Suite 1850
Chicago, Illinois 60603

Re:    *Daniel v. Aon, et al., No. 99-CH 11893; Aon Class Action Litigation*

Dear Counsel:

This will confirm the agreement among Kirby McInerney & Squire, LLP ("KMS"), Edward T. Joyce & Associates, P.C. ("Joyce"), Freed & Weiss, LLC ("F&W"), The Patchett Law Office ("Patchett"), Futterman & Howard, Chtd. ("Futterman") and The Jacobs Law Firm, Chtd. ("Jacobs") concerning the prosecution of a class action involving the practice by which Aon Corporation and/or its subsidiaries (collectively "Aon") accept fees, profit sharing or other benefits from insurers in connection with the placement of commercial insurance for Aon's customers.

1.    Joyce, F&W and Patchett have referred their client, Williamson County Agricultural Association ( "Williamson"), to KMS, for inclusion as a plaintiff in the pending class action styled *Daniel v. Aon Corporation, et al.*, referenced above, or for the commencement of a similar class action on Williamson's behalf.

KIRBY MCINERNEY & SQUIRE, LLP

Edward T. Joyce, Esq.
Randy Patchett, Esq.
Paul M. Weiss, Esq.
December 28, 2000
Page 2

      2.   Joyce, F&W and Patchett ("Williamson's Counsel") represent that Williamson is a member of the class described in the *Daniel* action.

      3.   In consideration for the services performed by Williamson's Counsel in connection with preparing the Williamson case, and in the event the court awards fees to plaintiffs' counsel in this action, Williamson's Counsel collectively will receive 15% off the top of the fees awarded to plaintiffs' counsel in this action, subject to the conditions specified below. In addition, Williamson's Counsel collectively will receive significant work in the referenced class action or a similar class action to be commenced on behalf of Williamson.

      4.   KMS will act as lead counsel and will be responsible for managing the prosecution of this action, making work assignments in this action, for determining strategic decisions in the litigation of this action, conducting discovery, preparing for trial, and for initiating and directing settlement discussions with counsel for defendants.

      5.   Joyce, F&W, Patchett, Futterman and Jacobs will act as members of, and constitute, an Executive Committee. The Executive Committee shall be responsible for assisting KMS in the prosecution of this action.

      6.   This agreement is contingent upon our actually commencing a class action claim on behalf of Williamson in state or federal court in Illinois, and Williamson being finally and successfully certified as a class representative. In the event Williamson ultimately is not certified as a class representative, but the action nevertheless achieves a successful outcome, Joyce, F&W and Patchett may apply at the conclusion of the action for reimbursement of attorneys' fees and expenses actually incurred. Counsel for plaintiff Daniel will support such application.

      7.   Williamson's Counsel agree not to commence or participate financially in any lawsuit involving the same or similar claims against any defendant without the prior written consent of the other signatories of this agreement.

      8.   Williamson's counsel represent that Williamson has agreed to the terms hereof.

KIRBY McINERNEY & SQUIRE, LLP

Edward T. Joyce, Esq.
Randy Patchett, Esq.
Paul M. Weiss, Esq.
December 28, 2000
Page 3

       If the foregoing accurately reflects our arrangement, please execute this agreement on behalf of your firm by signing where indicated below and return the executed copy to us. If there is any question, please call us. We look forward to working with you in this matter.

       Sincerely,

       Peter S. Linden
       Kirby McInerney & Squire, LLP

cc:    Richard L. Stone, Esq.

ACCEPTED AND AGREED TO:

EDWARD T. JOYCE & ASSOCIATES, P.C.

By: _____
       Edward T. Joyce

FREED & WEISS, LLC

By: _____
       Paul M. Weiss

THE PATCHETT LAW OFFICE

By: _____
       Randy Patchett

FUTTERMAN & HOWARD, CHTD.

By: _____
       Ronald L. Futterman

THE JACOBS LAW FIRM, CHTD.

By: _____
       John G. Jacobs

JRBY McINERNEY & SQUIRE, LLP

Edward T. Joyce, Esq.
Randy Patchett, Esq.
Paul M. Weiss, Esq.
December 28, 2000
Page 3

If the foregoing accurately reflects our arrangement, please execute this agreement on behalf of your firm by signing where indicated below and return the executed copy to us. If there is any question, please call us. We look forward to working with you in this matter.

Sincerely,

Peter S. Linden
Kirby McInerney & Squire, LLP

cc:     Richard L. Stone, Esq.

ACCEPTED AND AGREED TO:

EDWARD T. JOYCE & ASSOCIATES, P.C.

By: _____
          Edward T. Joyce

FREED & WEISS, LLC

By: _____
          Paul M. Weiss

THE PATCHETT LAW OFFICE

By: _____
          Randy Patchett

FUTTERMAN & HOWARD, CHTD.

By: _____
          Ronald L. Futterman

THE JACOBS LAW FIRM, CHTD.

By: _____
          John G. Jacobs

JAN. 2. 2001 10:05AM   FREED & WEISS LLC  KIRBY McINERNEY & SQUIRE   NO. 4295   P. 4/4

KIRBY McINERNEY & SQUIRE, LLP

Edward T. Joyce, Esq.
Randy Patchett, Esq.
Paul M. Weiss, Esq.
December 23, 2000
Page 3

  If the foregoing accurately reflects our arrangement, please execute this agreement on behalf of your firm by signing where indicated below and return the executed copy to us. If there is any question, please call us. We look forward to working with you in this matter.

     Sincerely,

     Peter S. Linden
     Kirby McInerney & Squire, LLP

cc: Richard L. Stone, Esq.

ACCEPTED AND AGREED TO:

EDWARD T. JOYCE & ASSOCIATES, P.C.

By: _____
   Edward T. Joyce

FREED & WEISS, LLC

By: _____
   Paul M. Weiss

THE PATCHETT LAW OFFICE

By: _____
   Randy Patchett

FUTTERMAN & HOWARD, CHTD.

By: _____
   Ronald L. Futterman

THE JACOBS LAW FIRM, CHTD.

By: _____
   John O. Jacobs