UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD L. STONE and KIRBY
McINERNEY & SQUIRE, LLP,

Plaintiff,

v.

EDWARD T. JOYCE, EDWARD T. JOYCE &
ASSOCIATES, PAUL M. WEISS, FREED &
WEISS, LLC, JOHN RANDY PATCHETT, and
PATCHETT LAW OFFICE,

Defendant.

Case No.:  08 CV 5171-RPP

## FREED & WEISS LLC's ANSWER TO COMPLAINT

Defendants Freed & Weiss LLC and Paul M. Weiss (collectively, "FW" or "F&W"), as
and for their Answer to the Complaint, Answer the allegations of the Complaint as indicated
below:

1.      On August 19, 1999, Plaintiffs commenced a class action captioned *Daniel v.
Aon, et al.*, No. 99-CH-11893, in the Circuit Court of Cook County, Illinois, against Aon
Corporation and its subsidiaries concerning undisclosed contingent commissions paid to Aon as
insurance broker (the "Aon Action").     Plaintiffs represent the Court-certified class
representative, Alan Daniel.

**Answer: Admit.**

2.      On December 28, 2000, in the County of New York, State of New York,
defendants and plaintiffs entered into a written agreement (referred to herein as "Contract") to
join Williamson County Agricultural Association ("Williamson") as an additional class
representative.  The Contract was executed on or about January 4, 2001.  Each of the parties to

the Contract is a sophisticated lawyer or law firm engaged in the practice of class action litigation.

**Answer: Admit except deny contract was entered into in New York as contract was entered into in Illinois between and among Williamson counsel (*i.e.*, F&W, Joyce and Patchett).**

3.    The Contract provided that defendants were to be retained by plaintiffs Kirby McInerney and Stone as additional counsel in a pre-existing class action, the Aon Action. Pursuant to the Contract, defendants agreed to provide legal services to Kirby McInerney, Stone and defendants' client, Williamson.

**Answer:  Admit.**

4.    The Contract also provided that, in the event that certain specified circumstances were realized and defendants otherwise complied with the Contract, defendants would receive a part of the fees awarded to plaintiffs' counsel in the Aon Action for the work they performed relating to Williamson in that litigation.

**Answer:  Admit**

5.    Defendants Weiss, Patchett, and Joyce are in privity respecting the Contract.

**Answer:  Admit.**

6.    On July 28, 2004, the Illinois Circuit Court appointed Kirby McInerney as sole lead counsel for the class, which it also certified on that date (along with class representatives Alan Daniel and Williamson).

**Answer:  Admit.**

7.    On or about March 30, 2006, the Illinois Circuit Court entered an order approving a class action settlement of the Aon Action, providing approximately $87 million in benefits and

2

relief for the class and awarded class counsel attorneys' fees and expenses in the amount of $19,000,000 (the "Fee Award"). The Fee Award, as well as the final approval of the settlement of the Aon Action, are on appeal, and all appellate issues have been fully briefed by all parties to that proceeding.

**Answer: Admit.**

8.    Applying the Contract to the award of counsel fees meant that, assuming they met the Contract's conditions, defendants would be paid 15% of the $19 million award, in consideration for services defendants provided in connection with their client, Williamson, plus a lodestar fee, without enhancement, for their work on the Aon Action "unrelated to preparing the Williamson case."

**Answer:  Admit 15% fee is owed to Williamson counsel "off the top" of the $19 million fee award, which Plaintiffs do not dispute and further that the arbitration award speaks for itself.**

### THE FEE ARBITRATION

9.    Soon after the Fee Award was issued, defendants made clear that they would not abide by the fee allocation set forth in the Contract. Each of them sought to obtain a greater fee allocation. Kirby McInerney, court-appointed lead counsel in the Aon Action, then sued Joyce in this court to enforce the Contract.

**Answer:   Deny.  Rather, FW has taken the position that it is owed its reasonable lodestar (which Plaintiffs do not dispute and which actions were taken at the direction of KM) and FW is also owed 1/3rd of the 15% fee owed to Williamson counsel incurred in litigating the matter.  F&W denies it has ever refused to abide by the Contract.**

10.    Although they had not been named in the Stipulation and Order, defendants Patchett and Weiss had notice of the arbitration and had an opportunity to participate in the arbitration.    Although the subject of the arbitration was interpretation of the Contract to which Patchett and Weiss were parties, and although the arbitration concerned legal fees to be paid to them as a result of the Aon Action, Patchett and Weiss chose not to participate in the arbitration.

**Answer: F&W admits it had notice that Kirby McInerney had a dispute with Joyce and of litigation it had initiated among and between it and Joyce, but F&W denies it had an opportunity to participate in arbitration among the parties, and further denies it "chose not to participate" in the arbitration.**

11.    Following proceedings before this court in a related matter (Case No. 06-CV-2433 (RB)), plaintiffs and Joyce entered into a Stipulation and Order agreeing to binding arbitration in the JAMS offices in Atlanta, Georgia.  Judge Richard M. Berman executed and so ordered the Stipulation on April 18, 2007. *See* Exhibit 1, hereto.

**Answer: Admit.**

12.    Following a preliminary hearing in the arbitration held on June 11, 2007, plaintiffs and Joyce fully and thoroughly litigated the issues surrounding interpretation of the Contract and counsel's compensation in the Aon Action.  The parties fully briefed the contract interpretation issues.  On July 13, 2007, the arbitrator, Hon. M. Conley Ingram (a former Justice of the Georgia Supreme Court and a Senior Judge for Cobb County (Georgia) Superior Court), rendered a "Partial Final Award", and granted plaintiffs' Motion for Disposition on the Contract. (A copy of the Partial Final Award is attached hereto as Exhibit 4).

**Answer: Admit.**

4

13.     Thereafter, Joyce moved for reconsideration.  The reconsideration motion was fully briefed, and on August 8, 2007, the arbitrator rendered his final award in favor of plaintiffs. (*See* Exhibit 2, hereto).  The Final Award stated:

> It is the final judgment of the Arbitrator that the Contract in question is clear and unambiguous.  Paragraph 3 of that Contract entitles Williamson's Counsel to 15% of the total award of the $19 million, plus a lodestar fee, without enhancement, for their work on the matter unrelated to preparing the Williamson case.

In other words, the entire fee allocation issue has been fully and thoroughly resolved by the court-ordered arbitration.

**Answer: Admit the Final Award contains the quoted language and that F&W is entitled to a lodestar fee without enhancement for work done on litigation unrelated to Williamson. F&W deny that language resolves FW's fee allocation dispute with Joyce and Patchett.**

14.     On August 15, 2007, after the arbitrator's award became final per JAMS arbitration rules, plaintiffs moved the United States District Court for an order confirming the arbitrator's final order, as required by the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*.  In two separate briefs, defendant Joyce moved to vacate the arbitrator's award and opposed plaintiffs' petition for confirmation of that same award.  Plaintiffs opposed all of Joyce's arguments, and the matter was fully briefed and was deemed submitted on December 5, 2007.

**Answer: F&W can neither admit nor deny.**

15.     On March 31, 2008, United States District Judge Timothy C. Batten, Sr. confirmed the arbitrator's order.  (*See* Exhibit 3, hereto).  All totaled, plaintiffs filed seven briefs in support of their interpretation of the Contract (including where appropriate supporting

affidavits and declarations), and defendant Joyce and his firm filed seven briefs supporting their views.

**Answer: Admit Order was entered, but can neither admit nor deny remaining statements.**

16.     On May 1, 2008, defendant Joyce filed a Notice of Appeal to the Eleventh Circuit Court of Appeals.

**Answer:  F&W can neither admit nor deny as it has no knowledge of any such appeal.**

17.     Because there is privity between defendants Weiss, Patchett and Joyce, established by, *inter alia*, their co-representation of Williamson, their execution of the Contract, and their joint participation in the Aon Action, collateral estoppel bars any further re-litigation of the issue of the fee allocation on the part of defendants Weiss and Patchett.   *See Pharr v. Evergreen Garden, Inc.*, 123 Fed.Appx. 420, 424-25 (2d Cir. 2005).

**Answer:  Admit that litigation between Plaintiffs and Joyce has been adjudicated pending appeal, but deny that litigation resolves the remaining fee dispute between F&W and Joyce and Patchett regarding allocation of the 15% due and owing Williamson counsel.**

**FIRST COUNT - BREACH OF CONTRACT**
**(Asserted against defendants Patchett, the Patchett Law Office, Weiss and Freed & Weiss, LLC)**

18.     Plaintiffs repeat and reallege each the foregoing allegations.

**Answer:  This allegation does not require a response.**

19.     Plaintiffs fully and completely fulfilled their responsibilities under the Contract and have tendered to defendants full and complete consideration for legal services due and owing pursuant to the Contract, an amount far in excess of $75,000.

**Answer:  Deny; F&W has received no consideration to date.**

20.     Defendants have rejected the tender and have demanded compensation substantially in excess of that which defendants agreed to accept pursuant to the Contract.

**Answer:  Deny.**

21.     Accordingly, defendants have stated that they would not abide by the Contract. Defendants have thus breached, and anticipatorily breached and repudiated, the Contract.

**Answer:  Deny; F&W has abided by the Contract's terms.**

22.     By reason of defendants' breach of contract, plaintiffs have sustained damages in a sum in excess of $75,000, which amount will be determined at trial, together with interest on such amount.

**Answer:  Deny.**

23.     Plaintiffs seek a declaratory judgment that defendants Weiss and Patchett are bound by the Contract setting forth their fee allocation.

**Answer:  Admit.**

7

## SECOND COUNT - DECLARATORY RELIEF
**(Asserted against defendants Patchett and the Patchett Law Office, Weiss and Freed & Weiss)**

24.     Plaintiffs repeat and reallege each of the foregoing allegations.

**Answer:  This allegation does not require a response.**

25.     Defendants Patchett and the Patchett Law Office, Weiss and Freed & Weiss, LLC co-represented Williamson with defendant Joyce.

**Answer:  Admit.**

26.     At all times, defendants Patchett and the Patchett Law Office, Weiss and Freed & Weiss, LLC shared a common interest with defendant Joyce, both in connection with this proceeding, and all proceedings relating to the fee allocation.  In addition, all defendants were co-parties in the prior Aon Action.  Throughout the proceedings, defendant Patchett relied upon Joyce's arguments and briefing.  Under New York law, defendants are and were in privity with each other as their interests are entirely aligned with those of Joyce.

**Answer:  Admit that Williamson counsel share common interest in award of 15% fee but deny remaining statements.  Further, the issues among and between F&W, Joyce and Patchett involve Illinois law.**

27.     During the litigation of the Aon Action, defendant Joyce has spoken as the representative of Williamson's Counsel.  He has held himself out as speaking on behalf of the triumvirate.  Defendant Joyce has thoroughly litigated the matter of how, under the Contract, the attorneys' fees would be allocated to counsel representing Williamson before the JAMS

8

arbitrator and thereafter before the United States District Court for the Northern District of Georgia.

**Answer: Admit that Joyce litigated dispute with KM but deny that arbitration concerned F&W or its interests. Deny that Joyce ever represented F&W's interests. To the contrary Joyce and Patchett have refused to abide by the Contract with respect to F&W's entitlement to 1/3rd of the 15% fee due to Williamson counsel.**

28.    There is a complete identity of issues that was necessarily decided by the JAMS arbitrator and confirmed in the district court, that is decisive of the present action. The cumulative rulings of each of these sequential *fora* represent a ruling of a court of competent jurisdiction. As set forth, *supra*, defendant Joyce had a full and fair opportunity to litigate the issues, and, as thus his co-counsel, defendants Patchett and the Patchett Law Office, Weiss and Freed & Weiss, LLC had a full and fair opportunity to litigate the issues.

**Answer: Admit identity of issues exist involving fee dispute and allocation, but deny F&W had "full and fair opportunity" to litigate the issues, at least with respect to F&W's 1/3rd share of the 15%, which is F&W's only issue in dispute.**

29.    Therefore, the arbitrator's judgment on the merits and the district court's confirmation order (Exhibits 2-4, hereto) are conclusive on the issues of fact and questions of law necessarily decided therein. Accordingly, the doctrine of collateral estoppel bars any further litigation on the matter and binds defendants Patchett and the Patchett Law Office, Weiss and Freed & Weiss, LLC to the outcome the arbitration proceeding.

**Answer: Deny that the Arbitator's Awards bind F&W or Weiss, but neither F&W nor Weiss seek to overturn any such Awards. Rather, F&W simply seeks it reasonable**

attorney's fees pursuant to the Arbitrator's rulings and KM's direction, plus 1/3rd of the 15% fee owed to Williamson counsel, which Plaintiffs do not dispute.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray:

(a)    for a declaratory judgment that the Contract is enforceable in accordance with its terms;

(b)    that this court award damages in an amount to be proved at trial;

(c)    for a declaratory judgment finding Patchett and Weiss are bound by the decision of the arbitrator; and

(d)    for such other relief as this court may deem just equitable or proper, including the costs of this action.

Plaintiffs request a trial by jury.

## ANSWER

With respect to Plaintiff's Prayer for Relief, F&W and Paul M. Weiss deny that Plaintiffs are entitled to any relief against Defendants F&W and Paul M. Weiss.


Dated:  August 21, 2008

                              **FREED & WEISS LLC**
                              **and PAUL M. WEISS,**

                              By:  _____
                                   Paul M. Weiss, *Pro Se*

                              111 West Washington Street,
                               Suite 1331
                              Chicago, Illinois 60602
                              (312) 220-0000
                                   *Defendants*