UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RICHARD L. STONE and KIRBY McINERNEY LLP,

                                  Plaintiffs,

                                  08 CV 5171 (RPP)

        - against -

                                  **OPINION**
JOHN RANDY PATCHETT and PATCHETT LAW OFFICE.      **AND ORDER**

                                Defendants.,

------------------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      In an opinion and order filed on April 23, 2009 and entered that same day, see Stone v. Patchett, 08 Civ. 5171, 2009 U.S. Dist. LEXIS 35049 (S.D.N.Y. 2009) (the "Order" or "Opinion"), this Court denied Defendants John Randy Patchett and the Patchett Law Office's ("Defendant" or "Patchett") motion to dismiss the August 21, 2008 amended Complaint ("Compl.") filed by Plaintiffs Kirby McInerney LLP and Richard Stone ("Plaintiff," "Kirby," or "Stone"). Specifically, and as described in detail in the Opinion, this Court rejected Patchett's argument that under Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976) this Court should abstain from exercising jurisdiction due to the existence of a similar dispute pending in Illinois appellate courts. The Court further rejected Plaintiff's alternative argument that this Court lacked personal jurisdiction over him under both the long-arm statute of New York and the Due Process clause of the federal constitution.

1

In a letter dated May 14, 2009, Defendant wrote to this Court requesting that the Court certify the April 23, 2009 Order for immediate appeal to the Court of Appeals pursuant to 28 U.S.C. § 1292(b)(2) ("Section 1292(b)").  That same day, Plaintiff submitted a motion asking that this Court enter a default judgment against Defendant due to his failure to answer the Complaint within the time allotted by Rule 12(a)(4) of the Federal Rules of Civil Procedure.  For the following reasons, this Court denies Defendant's Section 1292 request for certification for immediate appeal and also denies Plaintiff's motion for the entry of a default judgment against Defendant.  Defendant is ordered to answer Plaintiff's Complaint by June 12, 2009.

This Court assumes that the Parties are familiar with the underlying facts and repeats only what is necessary to decide the issues currently presented.

**1. Defendant's Request for a Certification of Immediate Appeal is Denied**

Section 1292(b) provides that a district court may certify a court order for immediate appeal if the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).

The power of the district court to grant an interlocutory appeal is strictly limited and only exceptional circumstances will justify certification.  See Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir. 1990) ("the power [to grant an interlocutory appeal] must be strictly limited to precise conditions stated in the law"); see also Westwood Pharm., v. Nat'l Fuel Gas Distrib. Corp., 964 F.2d 85, 89 (2d Cir. 1992) (district court is to "exercise great care in making a Section 1292(b) certification").

2

Further, even if this Court certifies an interlocutory appeal, the Court of Appeals may decline to hear the appeal.  See Coopers & Lybrand v Livesay, 437 U.S. 463, 475 (1978) ("The appellate court may deny the [interlocutory] appeal for any reason, including docket congestion"); Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, 313 F.3d 70, 81 (2d Cir. 2002) ("Upon entry of … an order [certifying interlocutory appeal], the court of appeals has the discretion to accept or decline jurisdiction"); see also Koehler v. Bank of Bermuda, 101 F.3d 863, 865 (2d Cir. 1996) ("it is a basic tenet of federal law to delay appellate review until a final judgment has been entered").

The Court must first decide whether there is a controlling question of law for the Court of Appeals to consider.  The "question of law" certified for interlocutory appeal "must refer to a 'pure' question of law that the reviewing court 'could decide quickly and cleanly without having to study the record.'"  See Century Pac. Inc. v. Hilton Hotels Corp., 574 F. Supp. 2d 369 (S.D.N.Y. 2008) (quoting In re WorldCom, 2003 U.S. Dist. LEXIS 11160, at *10 (S.D.N.Y. 2003)); S.E.C. v. First Jersey Sec., 587 F. Supp. 535, 536 (S.D.N.Y. 1984) (holding that, where an appeal "would necessarily present a mixed question of law and fact, not a controlling issue of pure law," the district court's order was "not appropriate for certification pursuant to 28 U.S.C. § 1292(b)").

Here, this Court determined that under the special circumstances of this case and the multi-factor balancing test pronounced by the Supreme Court in Colorado River, 424 U.S. at 817 and explicated by the Second Circuit in Village of Westfield v. Welch's, 170 F.3d 116 (2d Cir. 1999), abstention from the lawsuit between Plaintiff and Defendant was not appropriate.  The Court further ruled that this Court had personal jurisdiction over

3

Patchett under both the New York State and the federal constitutional standards. The Court's decision on both issues rested on a highly fact-specific inquiry that turned on the specific facts and posture of this complex, multi-state litigation.

Patchett does not argue that the Court applied the wrong legal standard to Defendant's claims in deciding his motion to dismiss. Rather, the essence of Patchett's argument is that the Court incorrectly applied the law to the facts presented. Thus, the questions presented for interlocutory appeal by plaintiffs would require the Second Circuit to review this Court's application of the law to the facts presented by the parties. Under these circumstances, such questions do not present issues of pure law and therefore are not appropriate for interlocutory review. See Abortion Rights Mobilization, Inc. v. Regan, 552 F. Supp. 364, 366 (S.D.N.Y. 1982) (Section 1292(b) certification is not "appropriate for securing early resolution of disputes concerning whether the trial court properly applied the law to the facts"); see also Genentech, Inc. v. Novo Nordisk A/S, 907 F. Supp. 97, 99 (S.D.N.Y. 1995) (citing Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 630 (2d Cir. 1991)) (when the controlling issues are factual rather than legal, Section 1292(b) certification is unavailable); Morris v. Flaig, 511 F. Supp. 2d 282, 315 (E.D.N.Y. 2007) (interlocutory appeal not appropriate where questions presented would require the Second Circuit to determine whether court correctly applied law to facts).

Next, Patchett has not established that there is a "substantial ground for difference of opinion" concerning the law of the Colorado River doctrine or the exercise of personal jurisdiction as those areas of law relate to this case. Not only has Patchett failed to cite any conflicting legal authority to persuade the court that there exists substantial doubt about which law applies, but, and as explained fully in the April 23, 2009 Order, it is

4

clear that these issues simply require the application of well-settled legal principles routinely confronted by the courts of this Circuit.

Finally, Patchett has failed to show that interlocutory review of this Court's order would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). In that regard, Patchett is correct that this particular prong of the litigation -- Plaintiff's suit in this Court collaterally to enforce against Patchett the court-approved Georgia arbitration ordered by Judge Berman -- could terminate upon a finding by the Court of Appeals that this Court's order misapplied the law to the particular facts here. However, for the reasons stated in this Court's April 23, 2009 Order at *48-52, termination of this prong of the litigation would not result in the ultimate termination of the dispute between the parties. Rather, all that would result would be the shifting of this litigation over the attorneys' fees from the Southern District of New York to the Illinois Circuit Court.

Accordingly, Patchett's request to certify this Court's April 23, 2009 Order for interlocutory appeal is denied.

**2. Plaintiff's Motion for a Default Judgment is Denied**

Plaintiff Stone has moved this Court for an order entering a default judgment against Defendant Patchett pursuant to Fed. R. Civ. P. 55(a) because Patchett has failed to file an answer to Stone's Complaint within 10 days after this Court's denial of Patchett's motion to dismiss, as required by Fed. R. Civ. P. 12(a)(4)(A).

"The dispositions of motions for entries of defaults and default judgments … are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of

the parties." Shah v. New York State Dept. of Civil Serv., 168 F.3d 610, 615 (2d Cir. 1999) (quoting Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993)).  In making the determination as to whether a default judgment should be entered, courts should consider:

> [T]he amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt.  Furthermore, the court may consider how harsh an effect a default judgment may have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant.

Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc., 513 F. Supp. 2d 1, 3 (S.D.N.Y. 2007) (quoting Badian v. BrandAid Communications, 2004 U.S. Dist. LEXIS 17404, at *2 (S.D.N.Y. 2004)).

Here, while Patchett failed to timely file its answer, in response to Plaintiff's motion for a default judgment, Patchett wrote in a letter to this Court that it delayed filing an answer because it was waiting on this Court's decision concerning its request for certification of an interlocutory appeal.  The Court accepts defense counsel's excuse that his failure to file an answer was a good-faith mistake.  Further, because in this Circuit the preference is for the District Court to reach judgments on the merits and not by way of default judgments, see, e.g., Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995), and because Plaintiff cannot show prejudice from Defendant's delay, this Court will exercise its discretion and deny Plaintiff's motion for a default judgment.

Defendant Patchett is directed to answer Plaintiff's Complaint by June 12, 2009.

6

### 3. Conclusion

Defendant Patchett's request to certify this Court's April 23, 2009 order for immediate appeal pursuant to 28 U.S.C. § 1292(b)(2) is DENIED. Plaintiff Stone's request for a default judgment is DENIED. Patchett is ordered to answer the Complaint by June 12, 2009.

IT IS SO ORDERED.

Dated: New York, New York
       June 2, 2009

_____
Robert P. Patterson, Jr.
U.S.D.J.

Copy of this Opinion and Order faxed to:

Attorney for Plaintiff
Kirby McInerney LLP
Peter Linden
Richard L. Stone
New York, NY 10022
Tel:  212-371-6600
Fax:  212-751-2540

Attorneys for Defendants
Law Offices of Thomas M. Mullaney
708 Third Avenue, Suite 2500
New York, NY 10017
Tel:  212-223-0800
Fax:  212-661-9860

```
*******************************
***    MULTI TX/RX REPORT    ***
*******************************

TX/RX NO              0406
PGS.                  8
TX/RX INCOMPLETE
                      -----
TRANSACTION OK
                      (1)   912127512540
                      (2)   912126619860
ERROR INFORMATION
                      -----
```

# UNITED STATES DISTRICT COURT
United States Courthouse
500 Pearl Street
New York, NY 10007

**Chambers of
Robert P. Patterson, Jr.
District Judge**

## FACSIMILE COVER SHEET
## CANON L700

TEL. NUMBER: 212-805-0238
FAX NUMBER: 212-805-7917

**DATE:** 06/02/09

**CASE:** 08CV5171
**INDEX NO.**

**TO:** Peter Linder/Richard Stone — 212-751-2540
Thomas Mullaney — 212-661-9860

**FROM:**   JUDGE PATTERSON'S CHAMBERS

There are __8__ pages being transmitted, including this cover page. If there are any questions, please call 212-805-0238.